**MUSKIN LAW OFFICES**
Victor P. Muskin – VM1824
767 Third Avenue – 24th Floor
New York, NY 10017
212-688-3200

Attorneys for Petitioner

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **CHRISTOF PFAFF**, an individual,<br>Petitioner,<br><br>-against-<br><br>**DEUTSCHE BANK AG,** a German bank<br>and financial institution, **DZ BANK AG**<br>**DEUTSCHE ZENTRAL-**<br>**GENOSSENSCHAFTSBANK,** a German<br>bank and financial institution, and<br>**COMMODITY EXCHANGE, INC (aka**<br>**"COMEX"),** a New York not-for-profit<br>corporation,<br><br>Respondents. | Docket No.<br><br>**SUPPLEMENTAL PETITION FOR**<br>**DISCOVERY UNDER 28 U.S.C. §1782**<br>**(Application for an Order Permitting**<br>**Discovery for Use in a Foreign Legal**<br>**Proceeding)** |

Petitioner Christof Pfaff, by his attorneys, **MUSKIN LAW OFFICES,** makes the following supplemental application as an interested person to conduct discovery, pursuant to the Federal Rules of Civil Procedure, against the Respondents, pursuant to 28 U.S.C. § 1782, for use in a foreign legal proceeding in Germany.

## Jurisdiction

1.     This Court has jurisdiction over this matter because it arises under the laws of the United States, namely, 28 USC § 1782.

## Venue

2.      Venue is properly laid in this District pursuant to 28 USC Section 1391(b) because the Respondents reside, do business and/or are found in this District.

3.      Petitioner Pfaff is an "interested person" under 28 USC §1782 because he was damaged by the illegal conspiracy of Respondents Deutsche Bank and DZ Bank, as described in pending German legal proceedings, in which Petitioner is the Plaintiff and Respondent Deutsche Bank is the Defendant.  See, Kausch Declaration, ¶¶ 2-4.

## Background and Discovery Sought Hereby

4.      The factual and other background of this matter is to be found in the Declarations attached hereto and by this reference made an integral part hereof, namely, the Declaration of Heiner Kausch, the Declaration of Martin Beier, the Declaration of Geoffrey V. Morson and the Declaration of Victor P. Muskin.

5.      There is a related proceeding in this Court, commenced in August 2018, in which a prior order was granted on August 28, 2018 authorizing discovery and retaining jurisdiction, *inter alia*, for the purpose of any supplemental request for discovery assistance that Petitioner may require.  The related proceeding granted relief against Respondents Deutsch Bank AG and DZ Bank AG Deutsche Zentral-Genossenschaftsbank (hereinafter "DZ Bank") and is described in the accompanying Declaration of Victor P. Muskin. The only new party herein is Respondent Commodity Exchange, Inc.

6.      Briefly stated, this dispute arises from the following facts.   On various dates in 2012 and 2013, Petitioner Pfaff invested €3,013,345 (approximately $3.4 million, currently) in various silver certificate options derivative securities offered by Respondent DZ Bank AG in collaboration with Respondent Deutsche Bank AG.  Due to illegal price and market manipulations

2

and fraudulent transactions by both said Respondents, in conspiracy with each other and with other financial institutions, Petitioner's entire investment was rendered worthless and a total loss.   See, Kausch Declaration, ¶3; Beier Declaration, ¶¶13-16.

7.      On December 29, 2017, Petitioner Pfaff commenced civil court proceedings against Respondent Deutsche Bank AG, in Saarbrücken, Germany, seeking monetary damages and other remedies.   These proceedings are ongoing and a trial date which had been set for September 21, 2018 has been postponed, *sine die,* but may be reset for trial at any time.   See, Kausch Declaration ¶¶ 11 and 16.

8.      On November 2, 2018, subsequent to this Court's August 28, 2018 order granting the original petition, and as set forth in the accompanying declaration of Petitioner's German counsel Heiner Kausch, Esq., the Saarbrucken Regional Court issued an order detailing the evidence required to be submitted in the German legal proceedings. On November 2, 2018, subsequent to this Court's August 28, 2018 order granting the original petition, and as set forth in the accompanying declaration of Petitioner's German counsel Heiner Kausch, Esq., the Saarbrucken Regional Court issued an order detailing the evidence required to be submitted in the German legal proceedings. The German court order requires the following evidence:

[a] Evidence is to be obtained and submitted relating to Petitioner Pfaff's claim that the respective knock-outs of his certificates on May 8, 2012, May 15, 2012, April 15, 2013 and April 16, 2013 were caused by manipulation of the silver prices by Respondent herein Deutsche Bank;

[b] Evidence is to be obtained and submitted that, in an unmanipulated environment, these knock-outs would not have occurred;

[c] Evidence is to be obtained and submitted by way of an expert opinion. The expert shall in particular comment on the following questions:

[1] Are manipulations ascertainable on May 8, 2012, May 15, 2012, April 15, 2013 and April 16, 2013?

[2] If question 1 is answered in the affirmative: Were the manipulations carried out by Respondent Deutsche Bank?

[3] If question 1 is answered in the affirmative: Did the said manipulations cause the respective knock-outs?

[4] If question 3 is answered in the affirmative:

[a] Would the knock-outs have been expected on the respective days even without the manipulations?

[b] Would the knock-outs also have occurred after the days mentioned above, namely, May 8, 2012, May 15, 2012, April 15, 2013 and April 16, 2013?

The expert's opinion is to be based upon an investment period of between one and two years beginning immediately upon the acquisition by Petitioner Pfaff of each of the respective investments.

9.     The evidence required by the German court was not encompassed in the original Petition for discovery. The purpose of this supplemental request is therefore to enable Petitioner, as the plaintiff in the German case, to comply with the November 2, 2018 German court order by obtaining the evidence that the court requires.

10.     The German court order requires the specified evidence to be submitted by way of expert opinion. The accompanying Declaration of Petitioner's German expert, Martin Beier, describes the analytic process and reasons for the instant evidentiary request.

11.     The documentary discovery sought from the three respondents pursuant hereto is specified in Exhibit "A" hereto and in the list of Interrogatories and Requests for Admission (Exhibits "B" and "C" hereto, respectively) addressed by Petitioner to specific Respondents. The documents and witnesses whose testimony is required are located in the City of New York (or, alternatively, the documents are in the possession, custody or control of Respondents, in the City of New York).

12.     It is accordingly requested that Petitioner be permitted, pursuant to 28 USC §1782

and the Federal Rules of Civil Procedure, to (a) serve subpoenas on the Respondents for the

documents listed in Exhibit A, and (b) serve interrogatories and requests for admission as listed in

Exhibits B and C.

**WHEREFORE,** for all the reasons set forth above and in the accompanying memorandum

of law, Petitioner respectfully requests that an Order be entered granting the instant supplemental

petition for discovery under 28 USC §1782 in all respects, authorizing the issuance of appropriate

subpoenas, interrogatories and requests for admission,  and providing for such other relief as is

just and proper, together with the costs of this application.

Dated: New York, New York
      January 14, 2020

                                       **MUSKIN LAW OFFICES**

                                       By _____
                                           Victor P. Muskin - VM 1824
                                     767 Third Avenue – Suite 2400
                                     New York, NY 10017
                                     (212) 688-3200

Of Counsel:

Heiner Kausch
Kaiserstrasse 16
66111 Saarbrücken, Germany

Geoffrey V. Morson
6-A Babraham Road
Cambridge CB2 0RA, England