# MUSKIN
LAW OFFICES

767 THIRD AVENUE – 24ᵀᴴ FLOOR
NEW YORK, NY 10017

TELEPHONE: (212) 688-3200
FACSIMILE: (212) 859-7362
CELL: (917) 301-6950
victor@muskinlaw.com

VICTOR P. MUSKIN

**MEMO ENDORSED**

March 4, 2020

Hon. Katherine Polk Failla, USDJ
United States District Court
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square, Room 2103
New York, NY 10007

      Re: Pfaff v. Deutsche Bank AG et al
         Docket No. 20-mc-25 KPF
         Letter Motion

Dear Judge Failla:

    This office represents Petitioner Christof Pfaff in this proceeding under 28 U.S.C. §1782 for an order directing Respondents to provide certain discovery information for use in a legal proceeding in Germany.

    By this letter motion, Petitioner respectfully requests permission to propound a second interrogatory to Respondent DZ Bank. The new interrogatory, to be added to Exhibit B-2 of the Petition (see ECF No. 29), would request all account numbers for accounts maintained by DZ Bank with Respondent Commodity Exchange, Inc. (COMEX) during the relevant time period. It would be similar to the supplemental interrogatory that the Court allowed as to Respondent Deutsche Bank AG in its endorsed order of February 12, 2020 (ECF No. 28).

    The reason for this request is as follows. When responding to Items 1, 2, 3 and 7 of Petitioner's subpoena in the prior proceeding (18 Misc. 391 KPF), DZ Bank represented (1) that it did not engage in any trading in silver or silver derivatives with Deutsche Bank in 2012 and 2013; and (2) that it did not engage in any hedging transactions pertaining to Petitioner's turbo certificates. Copies of the original subpoena and DZ Bank's response have been filed in the current

proceeding by its counsel, Mr. Healy, as Exhibits A and B to his Declaration (ECF No. 31-1 and 31-2).

In opposing the current petition, however, DZ Bank now states only that it did not engage in *over the counter* transactions with Deutsche Bank in 2012-13, thereby admitting that it may well have engaged in market transactions in silver or silver derivatives on commodity exchanges such as COMEX, and that it did in fact engage in hedging transactions related to Petitioner's certificates. Declaration of Jean-Luc Jacob, ECF No. 32 at par. 5-6. Since most market trading in precious metals is routed through global exchanges such as COMEX regardless of where the orders originate, it now appears, by virtue of its opposition to the instant Petition, that DZ Bank may in fact have accounts with COMEX, previously not disclosed to Petitioner, in which trades were executed that affected Petitioner's certificates. The contradictions are addressed in detail in Point I of Petitioner's Reply to DZ's Opposition filed this date (ECF No. 43).

For the above reasons, Petitioner wishes to request that DZ Bank be required to provide its COMEX account numbers so that he in turn can request the relevant trading information from COMEX. The text of the proposed interrogatory is as follows:

> All account numbers of Respondent DZ Bank AG with respect to its account or accounts at Commodity Exchange, Inc. (aka COMEX) for the period from May 9, 2011 through and including April 16, 2013.

Respectfully submitted,

Victor P. Muskin

Copies to all counsel (via ECF system)

Application GRANTED. Petitioner may file Exhibit B-2 to the Petition. If DZ Bank would like to respond to this interrogatory request, it may do so by letter motion to be filed on or before **March 20, 2020**. Petitioner may respond on or before **March 27, 2020**.

The Clerk of Court is directed to terminate motion entry at Dkt. #44.

SO ORDERED.

Dated: March 5, 2020
       New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE